UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDIE SANTANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0513-CVE-FHM |
| | ) | |
| CHEROKEE CASINO, OSAGE CASINO, and CREEK NATION CASINO, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Complaint (Dkt. # 1) and plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2). Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331. He claims that he has a gambling addiction for which he is seeking treatment and that the defendants were unjustly enriched by allowing plaintiff to gamble at their casinos. Plaintiff concedes that defendants operate legal gambling establishments, but alleges that defendants' advertising unfairly targets people with a gambling addiction. The Court will consider the issue of subject matter jurisdiction sua sponte, because the Court has a duty to consider this issue whenever it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal

subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). If the Court finds that plaintiff has brought a claim under a statute that does not create a private right of action, it may dismiss plaintiff's claim for lack of subject matter jurisdiction. Kaw Nation ex rel. McCauley v. Lujan, 378 F.3d 1139, 1142 (10th Cir. 2004).

Plaintiff asks the Court to find that the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq. ("IGRA"), allows the court to hear plaintiff's claims based on federal question jurisdiction. However, other courts to consider the issue have found that the IGRA does not create a private right of action except as expressly stated in the IGRA. United States ex rel. The Saint Regis Mohawk Tribe v. President R.C. -- St. Regis Management Co., 451 F.3d 44, 50-51 (2d Cir. 2006); Hein v. Capitan Grande Band of Diegueno Mission Indians, 201 F.3d 1256, 1260 (9th Cir. 2000); Florida v. Seminole Tribe of Florida, 181 F.3d 1237, 1248-49 (11th Cir. 1999); Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida, 63 F.3d 1030, 1049 (11th Cir. 1995); Sac & Fox Tribe of Mississippi in Iowa v. Bear, 258 F. Supp. 2d 938, 942 (N.D. Iowa 2003). The Supreme Court has clearly established that "the fact that a federal statute has been violated and some person harmed

does not automatically give rise to a private cause of action in favor of the person." Touche Ross & Co. v. Redington, 442 U.S. 560 (1979). The IGRA expressly creates a cause of action for tribes, individual Indians, and the federal government, which suggests that Congress elected not to create a private right of action for customers of the casino. Hartman v. Kickapoo Tribe Gaming Comm'n, 319 F.3d 1230, 1232-33 (10th Cir. 2003). The Tenth Circuit has held that the IGRA does not provide a private right of action except as stated in the IGRA, and that district courts may not exercise jurisdiction over claims not expressly authorized by the IGRA. Id.

The complaint bases federal jurisdiction solely on the IGRA, and plaintiff attempts to pursue state law tort claims against the tribes through the IGRA. Plaintiff's claim does not fit within any of the types of claims expressly created by the IGRA,[1] and the Court may not imply a private cause of action under the statute. See Tenney v. Iowa Tribe of Kansas, 243 F. Supp. 2d 1196, 1199 (D. Kan 2003) (holding that the district court lacked subject matter jurisdiction to hear claims against tribal officers because plaintiff could not use IGRA to create a private cause of action). Therefore the Court finds that federal question jurisdiction is not present, and it has no authority to exercise jurisdiction over plaintiff's claim on that basis. Based on the allegations of the complaint, it appears that all parties are citizens of Oklahoma for purposes of 28 U.S.C. § 1332, so plaintiff may not rely on diversity jurisdiction. The Court finds that it does not have subject matter jurisdiction to hear plaintiff's claim and it should be dismissed.

---

[1] The IGRA provides a federal right of action in the following situations: (1) when a tribe alleges a failure by the state to enter into good faith negotiations regarding Indian gaming; (2) a claim for injunctive relief by a state or Indian tribe to enjoin illegal gaming activity; and (3) an action by the United States to enforce the IGRA. See 25 U.S.C. § 2710. The IGRA also allows judicial review of administrative enforcement actions by the Bureau of Indian Affairs. Id. at § 2714.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction.  Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Dkt. # 2) is **deemed moot**.

**DATED** this 29th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT